IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROJELLO YERA RODRIGUEZ, | ) | |
| ID # 853487, | ) | |
|      Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-0198-B |
| | ) | |
| NATHANIEL QUARTERMAN,[1] Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated robbery in Cause No. F98-68018.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In 1998, petitioner pled guilty to aggravated robbery, and was sentenced to twenty years imprisonment.  (Pet. Writ of Habeas Corpus (Pet.) at 2).  Petitioner did not appeal his conviction. (*Id.* at 3.)  On or about August 20, 2004, petitioner filed a state application for writ of habeas corpus that the Texas Court of Criminal Appeals denied on November 24, 2004.  (*Id.* ¶ 11.)

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division.  The Court thus substitutes him for Douglas Dretke.  *See* Fed. R. Civ. P. 25(d)(1).

Petitioner filed the instant petition on January 18, 2005, when he placed it in the prison mail system. (*Id.* at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that he is actually innocent of aggravated robbery because there is no proof of any aggravating factor that transforms his robbery into an aggravated robbery. (Pet. at 7.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Although he asserts that his claim is based upon a new rule of

2

constitutional law that he could not have discovered through the exercise of due diligence, he relies upon no new constitutional right that has been made retroactive to cases on collateral review. He merely relies upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a case that has not been made retroactively applicable on collateral review, *see Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner did not appeal his conviction. For purposes of § 2244(d), his judgment of conviction thus became final thirty days after he pled guilty and was sentenced on November 24, 1998. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal). Petitioner's state judgment of conviction thus became final in December 1998.

With regard to subparagraph (D), the Court determines that the facts supporting the claim raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final in December 1998. At his sentencing in November 1998, petitioner would have known the factual basis for his claim that he is actually innocent of the alleged crime because of an absence of evidence related to the aggravating factor that transforms his robbery into an aggravated robbery.

Because petitioner filed his federal petition more than one year after his judgment of conviction became final, a literal application of § 2244(d)(1) renders the instant federal petition untimely.

## III. TOLLING

AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a properly filed state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on August 2004, the statutory limitations period had already expired because his conviction became final in 1998. Thus, the statutory tolling provision does not save the instant federal petition.

Petitioner asserts that the Court should equitably toll the limitations period because his conviction is void and because he is actually innocent of aggravated robbery. In "rare and exceptional circumstances", the federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d

4

398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Habeas petitioners have the burden to show entitlement to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner provides nothing which indicates that rare and exceptional circumstances warrant equitable tolling. Although his claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for equitably tolling of the limitations period.

Petitioner also claims to be actually innocent of the crime for which he has been convicted. However, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000). Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not met this standard. He simply argues that the proof of aggravated robbery is insufficient to support his guilty plea. A claim of insufficient evidence differs materially from a claim of actual innocence.

Petitioner, moreover, has not shown that he diligently pursued relief under § 2254. Although his conviction became final in 1998 and he would have known the factual basis for his claims at that time, petitioner did not start the state habeas process until August 2004 and did not file the instant petition until January 2005. This lengthy delay exhibits a lack of diligence. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim." *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). Due to the unexplained lengthy delay prior to pursuing habeas relief, petitioner is entitled to no equitable tolling.

For all of these reasons, equitable tolling is not warranted in this case. In the absence of equitable tolling, the instant action falls outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 15th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7